**UNITED STATES of America,
Plaintiff,**

**v.**

**ACADEMY APARTMENTS, INC.,
Defendant.**

**Civ. No. 580.**

United States District Court
D. Minnesota,
First Division.

Oct. 22, 1963.

 

Axel B. Anderson, of Lord & Anderson, Owatonna, Minn., for receiver.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for United States of America.

Jerome Sicora, Asst. Atty. Gen., St. Paul, Minn., for State of Minnesota.

NORDBYE, District Judge.

The Receiver was appointed at the instance of the United States acting for and in behalf of the Federal Housing Commissioner. The Academy Apartments, Inc., had executed a real estate mortgage on May 1, 1950, to the Northwestern Federal Savings and Loan Association of Minneapolis to secure a loan in the sum of $171,000. The loan was insured by the Federal Housing Administration on May 19, 1950, pursuant to Section 1743, Title 12 U.S.C., and the Administrative Rules and Regulations thereunder. The conditions and recitals in the mortgage deed were those prescribed by the Federal Housing Administration. The mortgage loan thereafter became in default, and on January 4, 1956, the then owner of the note and mortgage assigned the same to the Federal Housing Commissioner. The principal balance due on the note and mortgage in the sum of $158,631.41, with accrued interest on the same of $3,701.39 to February 29, 1956, was in default and the Commissioner elected to exercise his option to declare the outstanding balance with interest due and payable.

On February 13, 1957, the United States instituted the above-entitled action seeking the appointment of a Receiver to take charge and possession of the mortgaged premises, to manage and operate the same, to collect rents and income therefrom, for an order and decree foreclosing the mortgage, judgment against the Academy Apartments, Inc., for the amount due on the mortgage, and for a deficiency judgment in the event the sales price was not sufficient to satisfy plaintiff's judgment.

On March 27, 1958, an application was made to the Court by the United States for the appointment of a Receiver, it appearing that plaintiff had necessarily advanced the sum of $12,360.57 in payment of real and personal taxes. The Court on March 27, 1958, appointed Lester R. Bickford as Receiver, and as of April 18, 1958, the appointment was made effective. Defendant being in default, a decree of foreclosure and judgment in favor of the United States was entered by the Court on May 10, 1960. The foreclosure sale was made by the United States Marshal on December 16, 1960, at public auction. The premises and property were sold to the Federal Housing Commissioner for the sum of $107,-000. The order confirming the sale was entered by the Court on January 26, 1961. On February 14, 1961, Lester R. Bickford was by order of the Court continued as Receiver until further order of the Court.

In considering the petition of the Receiver, it appears that he has collected income during the period of redemption totaling approximately $19,324.44. The expenses which he has incurred, and as to which there is no objection, are set forth in the Receiver's petition, and in addition there is due the Receiver for his services the balance of $3,625; to his attorney the sum of $800 together with $21.27 expenses incurred; and $591.25 due the Riverside Plumbing and Heating Company. The only claim that the Court has for consideration is the income tax claim of the State of Minnesota on rents collected by the Receiver from the property for the period from April 1, 1961, to December 17, 1961. This claim totals $1,025.84. No one questions the correctness of this figure if the State is entitled to collect these taxes from the Receiver. In support of its position, the State cites Section 290.44 (5), Minnesota Statutes, which reads:

"The tax due from a taxpayer whose business or property is in charge of a receiver, trustee in bankruptcy, assignee, or other conservator, shall be paid by the person in charge of such business or property so far as the tax is due to the income from such business or property."

The State takes the position that "An agreement in a mortgage, authorizing the mortgagee to collect rents and income from mortgaged property before foreclosure and the expiration of the period of redemption, and to apply the same in payment or part payment of the mortgage debt is invalid under Minnesota statutes," citing Section 559.17, Minnesota Statutes, which reads:

"A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure."

In addition, the State urges that "An assignment of rents to apply to the mortgage debt is a foreclosure and a clear evasion of the principle that until expiration of the period of redemption the mortgagor is entitled to the full usufruct of the land." The State recognizes, however, that a Receiver may be appointed and collect rents to prevent waste, and that further, rents may be assigned for the purpose of paying taxes and insurance in that such an assignment may be the means of preventing waste. Undoubtedly the principles urged by the State may be sound pronouncements of State law, but here we are dealing with the right of an agency of the Federal Government which has succeeded to the rights of a contract with the defendant company, reading, in part,

"That the holder of this mortgage * * * shall be entitled to the appointment of the receiver * * * as a matter of right and without notice, with the power to collect the rents, issues and profits * * * such rents and profits being hereby expressly assigned and pledged as additional security for the payment of the indebtedness * * *. The provision for the appointment of a receiver of the rents and profits and the assignment of such rents and profits is made an express condition

upon which the loan hereby secured is made."

As a result of the mortgage foreclosure held by the Federal Housing Commissioner, there is an unsatisfied claim against the defendant in the amount of approximately $98,000. It is to this amount due that the Government seeks to apply the balance of rents in the Receiver's hands after paying the expenses, etc., allowed herein, and it contends that the State is not entitled to enforce its claim to taxes as to any money in the Receiver's hands which has been assigned to the Federal Housing Administration.

 The question before the Court is whether the United States, acting in behalf of the Federal Housing Administration, has an enforcible contract right to apply the assigned rents received in its behalf during the period of redemption, to the balance due on this mortgage indebtedness, regardless of the State's claim for taxes, based upon the assigned rents received by the Receiver during this period. Undoubtedly the provisions of the mortgage contract as to the right to apply assigned rents as additional security for the payment of a mortgage indebtedness was intended to protect more adequately this mortgage investment which is now held by the Government. If the mortgagor and mortgagee of a loan insured by the Federal Housing Administration enter into an agreement to increase additionally the mortgage security by the assignment of rents, no good reason is suggested why the provisions of the contract should not be enforced when held by the Government. We are not confronted with the rights of the original mortgagee under the assignment, but with the vested rights of an arm of the Government. In authorizing the insurance of loans under the circumstances herein, Congress was exercising a constitutional function, and the rights of the United States thereunder must necessarily be decided by Federal law. Congress has not assumed to act in the premises as to the rights of the Federal Housing Administration to pursue its remedies where there is this apparent conflict with State law. Although some uniformity as to the law of mortgages insured by the Federal Housing Administration may be desirable, the security assigned to and held by the Federal Housing Administration should remain inviolable in the absence of some sound public policy to the contrary. State law should not vitiate the contract. Under the circumstances herein, "[i]n absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards." Clearfield Trust Company v. United States, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838. In that the Receiver collected these rents as agent for the Government as additional security for the mortgage loan by reason of an assignment made long before the period of redemption in question, the Court construes the Federal law to be that no taxable income resulted to the State from the amount collected by the Receiver for the Federal Housing Administration.

The following cases fully support the views stated herein: United States v. View Crest Garden Apartments, 9 Cir., 268 F.2d 380 and 9 Cir., 281 F.2d 844, 82 A.L.R.2d 1067; Penagaricano v. Allen Corp., 1 Cir., 267 F.2d 550. It is not necessary to determine the apparently moot question whether the Academy Apartments, Inc., as a corporation would be responsible in taxes for the rents received during the period in question.

It follows, therefore, from the foregoing that the Receiver's petition for the allowance of his account is approved, and he has the authority to pay the expenses listed in his petition, together with the sum of $591.25 due the Riverside Plumbing and Heating Company; $3,625 to himself as the balance due for his services as Receiver; $800, together with $21.27 expenses incurred, to Lord and Anderson, attorneys for the Receiver; and any incidental expenses due the United States Marshal for service of process herein. The claim of the State of Minnesota for income taxes totaling $1,025.84 allegedly due for the period April 1,

1961, to December 17, 1961, will be, and hereby is, denied. It is so ordered. The balance in the Receiver's hands after the payment of the expenses allowed herein shall be paid by the Receiver to the United States of America. It is so ordered. An exception is reserved.

Upon the fulfillment of the terms of this order, the Receiver may present an order for his discharge and the exoneration of his bond.