UNITED STATES of America,
Plaintiff,

v.

Nilo Francis INCIARDI, a/k/a Nilo F. Inciardi, Ruth Marjalie Inciardi, a/k/a Ruth M. Inciardi and James S. Stinebaugh, and Dorothy D. Stinebaugh, d/b/a Stinebaugh Greenhouse & Nursery, Defendants.

Civ. No. 66–48.

United States District Court
W. D. Oklahoma.

Sept. 30, 1966.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Jack N. Shears, Ponca City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this case the plaintiff in behalf of the Small Business Administration obtained a judgment against the defendants on promissory notes and for foreclosure of a real estate mortgage securing the same. The amount of the judgment obtained by the plaintiff on the promissory notes was in the sum of $27,070.33 which included interest to the date of the judgment. The property was then appraised at $27,000.00 and sold at public sale after due notice, the plaintiff buying the same in at the figure of $18,000.00.

The plaintiff moved to confirm the sale and requested a deficiency judgment against the defendants in the amount of $9,070.33 plus interest from the date of judgment. The defendants Nilo Francis Inciardi and Ruth Marjalie Inciardi object to plaintiff having a deficiency judgment in such amount and request that any deficiency judgment be entered pursuant to Title 12, Oklahoma Statutes, Section 686, which provides, in substance as pertinent herein, that a deficiency judgment shall be for an amount equal to the sum of the amount owing by

the party liable as determined by the judgment with interest plus costs and disbursements of the action, less the fair and reasonable market value as determined by the Court or the sale price of the property, whichever shall be higher. In other words, the said defendants Inciardi request the Court not to enter a deficiency judgment as requested by the plaintiff but to conduct an evidentiary hearing and receive evidence as to the market value of the real estate involved as of the date of the sale in conformity with the above Oklahoma Statute.

The matter has been thoroughly briefed by both sides at the direction of the Court and oral arguments have been heard by the Court.

In general, it is the contention of the plaintiff that the Small Business Administration is an agency of the United States government with sovereign immunity; that even though the Small Business Administration has by Congress been extended the power to sue and be sued, the suit herein involves the enforcement of a federal right and is governed by federal substantive law and not by the laws of the State of Oklahoma; that Title 12, Oklahoma Statutes, Section 686 by its language provides that it shall not apply to the sovereign State of Oklahoma and that by virtue thereof the same cannot be made to apply against the United States or an agency of the United States government; that if no state procedure applies, this being a federal right, the same is to be governed by federal law or a federal rule which may be fashioned by the Court to meet what the Court deems to be an appropriate policy in and for this District.

The said defendants Inciardi contend that the Small Business Administration by virtue of Title 15, United States Code, Section 634(b) has waived sovereign immunity except in the specified instances mentioned therein, none of which is present in this case; that the matter of obtaining a deficiency judgment is post-judgment relief and as such is governed by Rule 69, Federal Rules of Civil Procedure, 28 U.S.C.A., which provides

as pertinent hereto that the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution, shall be in accordance with the practice and procedure in the State in which the District Court is held, except to the extent a statute of the United States is applicable. Further, the said defendants Inciardi urge that there is no applicable federal statute and that under said Rule 69 the State procedure must be followed; that if the Court finds that Title 12, Oklahoma Statutes, Section 686, is not applicable because of the provision exempting the State government from its terms that the Court should fashion a federal rule for this District covering this situation to the effect that no deficiency judgment should be permitted except upon a hearing in which the market value of the property involved is determined and the deficiency judgment limited to the difference between that figure or the sale figure if such is higher and the amount owed.

■ The case of Reconstruction Finance Corporation v. Breeding, 10 Cir., 211 F.2d 385, decided by the Court of Appeals for the Tenth Circuit in 1954, holds that the entry of a deficiency judgment is post-judgment relief and pursuant to Rule 69, Federal Rules of Civil Procedure, 28 U.S.C.A., the same must be accomplished in the manner specified in Title 12, Oklahoma Statutes, Section 686. There appears to be no federal statute applicable in this area. Plaintiff urges 28 U.S.C. § 2001 as being applicable. But this statute only applies to sale procedure. It makes no mention of deficiency judgments. We therefore follow the Breeding case, supra, and hold that obtaining a deficiency judgment comes under Rule 69, Federal Rules of Civil Procedure, and that there is no applicable federal statute covering deficiency judgments.

With reference to the contention of the plaintiff herein that the provision in Title 12 Oklahoma Statutes, Section 686, that the section is not applicable to debts and obligations due the State of

Oklahoma, and therefore the same is without application to debts and obligations due the United States, it appears that the same contention was considered in Reconstruction Finance Corporation v. Breeding, supra. But this contention was not adopted by that court, and Title 12 Oklahoma Statutes, Section 686 was applied for two reasons, namely, the action therein was held not to be an action instituted by the United States to recover judgment upon a debt or obligation due the United States but was an action brought by the Reconstruction Finance Corporation to enforce an obligation due such corporation, and that when the Reconstruction Finance Corporation, a corporation created by an Act of Congress, institutes or becomes a party to an action in a court of competent jurisdiction, it occupies the same position as to other private parties in respect to the ordinary impingements of the litigation and is not clothed with the prerogatives or immunities of the sovereign. Two United States Supreme Court opinions are cited to this effect. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Reconstruction Finance Corp. v. J. C. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. In addition, the Breeding case provides that since the Oklahoma statute does not expressly exclude from its provisions debts and obligations due the United States there is nothing in the statute which indicates by clear inference or implication a legislative intent to exclude therefrom debts and obligations due the United States. And further that it is not the function of the court to enlarge the exclusionary provision by bringing within it a sovereign—the United States—not mentioned directly or indirectly.

In the case at bar, the first reason set out in the Breeding case would not apply since the Small Business Administration is not a corporation created by an Act of Congress as is the Reconstruction Finance Corporation, but is an unincorporated agency of the United States government. The Small Business Administration is clothed with the prerogatives or immunities of a sovereign except to the extent that they have been waived by statute. In United States v. Mel's Lockers, Inc., (Tenth Cir. 1965) 346 F.2d 168, our Circuit has specifically held that the Small Business Administration is an integral part of the United States government and it has the full sovereign immunity of the United States unless such immunity has been waived by Congressional action, citing Small Business Administration v. McClellan, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d, 200 Thus, the case at bar is considered to be an action instituted by the United States to recover judgment upon a debt or obligation due the United States and is so distinguished from the action brought by the Reconstruction Finance Corporation in the Breeding case.

However, the second reason cited in the Breeding case would apply here, that is, the holding that the said exclusion given to the State of Oklahoma in Title 12, Oklahoma Statutes, 686, does not apply to the United States since the statute did not so prescribe. Thus, under the authority of the Breeding case, the said exclusion in Title 12 Oklahoma Statutes, Section 686, afforded the State of Oklahoma, is not afforded to the United States on actions brought to recover judgment on a debt or obligation due the United States. Therefore, under Rule 69, Federal Rules of Civil Procedure, Title 12 Oklahoma Statutes, Section 686 must be followed and applied herein.

The plaintiff herein takes direct issue with the holding in the Breeding case that the said exclusion to the State of Oklahoma in Title 12 Oklahoma Statutes, Section 686, does not also apply to the United States government. Plaintiff cites United States v. Miller, (3 Cir. 1956), 229 F.2d 839, which holds:

"If the statute is not applicable to the state of Pennsylvania in its transactions with persons in the State's field of activity, it is equally inapplicable to the United States dealing with persons in Pennsylvania within

the federal government's field of activity."

■ This rule of the Third Circuit is obviously contra to the rule on the same point recited in our Circuit in the Breeding case, supra. Neither court cites any case in support of its holding. We, of course, will follow the rule of our Circuit.

However, if the rule of our Circuit on this point as announced in the Breeding case, is not correct and the exclusion to the State of Oklahoma should be deemed to also apply to the United States, the Court finds that there then being no applicable state procedure to be followed herein under Rule 69, Federal Rules of Civil Procedure, it would be the office of this Court to fashion a federal rule in this connection which would apply to this matter in this District. United States v. Independent School District No. 1 of Okmulgee County (Tenth Cir. 1959), 209 F.2d 578; United States v. Helz (Sixth Cir. 1963), 314 F.2d 301;[1] United States v. Academy Apartments, Inc., 230 F.Supp. 110.

Therefore, under the Breeding case, supra, we find, conclude and order that pursuant to Rule 69, Federal Rules of Civil Procedure, Title 12, Oklahoma Statutes, Section 686, applies and should be followed herein. However, if the Breeding case is incorrect in this respect and the state exclusion should also apply to the United States government and 12 Oklahoma Statutes, Section 686 should then not be applied herein there would then be no applicable state procedure and it would be proper for this Court to fashion a federal rule as authorized in the cases cited last above.

On the basis that this Court should fashion a federal rule in this respect the Court after due consideration of the matter, finds and concludes that the proper, fair and appropriate federal rule to be announced for this District under said authority of this Court, is to provide that no deficiency judgment shall be taken except for the difference between the amount owed and the fair and reasonable market value of the property involved as found by the Court or the sale price thereof, whichever of the two latter figures is the higher.

It is, therefore, ordered that the Motion of plaintiff to Confirm Sale of Real Estate is sustained. Counsel for plaintiff will prepare an appropriate order to this effect. It is further ordered that the Motion of plaintiff for Leave to Enter Deficiency Judgment is denied in its present form, and that any deficiency judgment entered herein must be accomplished in conformity with the procedure outlined in Title 12, Oklahoma Statutes, Section 686, or the aforementioned federal rule established by this Court, which is identical therewith. It is further ordered that the Motion for Leave to Enter a Deficiency Judgment will be set for an evidentiary hearing, at which hearing the Court will receive evidence from both sides as to the fair and reasonable market value of the property involved herein at the time of the public sale thereof conducted by the United States Marshal for the Western District of Oklahoma on May 25, 1966.

1. This case provides:
"In diversity cases, since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the law of the state governs the remedies. In cases arising under federal statutes, remedies are governed by the directive of the statutes or, if no directive, then by rules fashioned by the federal courts. A rule set up by a decision of the federal court may adopt the state law or may fashion the governing rule of law according to its own standards."