Louis Berkman, Appellant, v. Anna Silverstein and Others, Respondents.— This is an appeal by the plaintiff from an order denying a deficiency judgment in a mortgage foreclosure action. There is no dispute about the facts. The defendant Anna Silverstein was served personally with the summons and complaint and appeared generally in the action by Messrs. Silvey, Marks & Brockman. No answer was served and the action proceeded to judgment of foreclosure and sale. After the sale the referee made his report, reporting a deficiency due the plaintiff on the judgment. The plaintiff made a motion to confirm the referee's report of sale and deficiency judgment. Notice of said application was served by mail on the attorneys appearing for Anna Silverstein, who received and retained the notice. There was no appearance on the return day of the motion and judgment for deficiency was granted. Later on Anna Silverstein obtained an order, through the same attorneys, to show cause, by Justice Staley, why the deficiency judgment should not be vacated and set aside. An order was granted by Justice Staley at the request of Messrs. Silvey, Marks & Brockman, setting aside the deficiency judgment, but without prejudice to the plaintiff to renew and continue his motion for deficiency judgment upon proper papers and upon proper service. This order was received by the attorneys for Anna Silverstein and was served. There was no appeal taken and no motion to resettle. They accepted its terms. Justice Staley had jurisdiction of the persons and the action. Plaintiff renewed his motion for deficiency judgment and the papers were served personally on Messrs. Silvey, Marks & Brockman, who appeared and interposed a preliminary objection that the new application was barred by the limitation of time prescribed by section 1083-a of the Civil Practice Act. The preliminary objection was held good and an order was made denying the application, which order is the one appealed from here. Section 1083-a of the Civil Practice Act was designed to relieve a defaulting mortgagor from an unjust deficiency judgment. The idea was that the mortgagor should have an opportunity to contest entry of a deficiency judgment which was not justified. The defendant Anna Silverstein, through her attorneys, had such notice, although the notice was served by mail instead of personally. Appellant says that section 23 of the Civil Practice Act and section 10 of the Civil Practice Act, together with the provisions contained in Justice Staley's order "without prejudice to renew," gave him the right to renew the application for deficiency judgment. under the time limited by section 1083-a of the Civil Practice Act. "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (*Gaines* v. *City of New York*, 215 N. Y. 533, at p. 539; *Conolly* v. *Hyams*, 176 id. 403; *People ex rel. Wheeler* v. *Neafsey*, 142 Misc. 692.) Substantial compliance with the statute is all that is required. (*Salducco* v. *Etkin*, 268 N. Y. 606.) Order reversed on the law and facts, with costs. Motion for deficiency judgment granted, costs to be fixed by Special Term at the time the amount of the deficiency is determined, and matter remitted to Special Term to determine the amount of the deficiency. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.