JAMAICA SAVINGS BANK, Plaintiff, *v.* RISIAN REALTY CORPORATION and Others, Defendants.

Supreme Court, Special Term, Queens County, November 17, 1937.

*Street & Adikes* [*Charles H. Street* of counsel], for the plaintiff.

*William J. Wilson,* for the defendants Risian Realty Corporation and Morris Fierstein.

DALY, J. In this action to foreclose a mortgage, the referee's deed was delivered on June 15, 1937, to the purchaser upon the foreclosure sale. On September 3, 1937, motion papers for an order confirming the referee's report of sale and directing the entry of a deficiency judgment herein were served by mail upon the attorney who had appeared in the action for the defendant Fierstein and upon the defendant Risian Realty Corporation. This motion was returnable on September 13, 1937, which was the ninetieth day after the delivery of the referee's deed. These defendants resisted the motion on the return date thereof upon the grounds that the motion papers had not been properly served since they were served by mail and not personally; that the referee's report of sale was erroneous as to the unpaid balance on the mortgage; and that the mortgaged premises were worth more than the plaintiff claimed. Counsel for the plaintiff thereupon requested permission of the presiding justice in Special Term to withdraw

the motion. The court consented, but no formal order was made or entered. On the same day, that is, September 13, 1937, an order to show cause, returnable on September 16, 1937, seeking the same relief, was obtained and served in the manner therein provided. On the return date of this motion the said defendants opposed the same solely on the ground that the value of the mortgaged premises was greater than that claimed by the plaintiff. Neither by their papers nor by their argument did these defendants raise the objection that more than ninety days had then elapsed. Upon the court's decision on said motion in favor of the plaintiff proposed orders were submitted by both sides, and that of the defendants was signed.

Now the said defendants come into court with a motion to vacate this order upon the ground solely that the court was without jurisdiction to sign it because the motion to enter the deficiency judgment was made more than ninety days after the delivery of the referee's deed.

It is provided in section 1083-a of the Civil Practice Act that simultaneously with the making of a motion for an order confirming the sale, provided the motion is made within ninety days after the date of the consummation of the sale by the delivery of the deed to the purchaser, a motion may be made to enter a deficiency judgment.

The Appellate Division of this department, in *Clinton Trust Co.* v. *Mahoney* (252 App. Div. 763), stated: " It has been held and seems to be the law in this State that a motion is ' made ' when it is returned in court and not when the notice is served. (*Cleary* v. *New York State Railways*, 199 App. Div. 28; *Low* v. *Bankers Trust Co.*, 265 N. Y. 264.) "

It would thus seem that in the case at bar the motion brought on by the order to show cause, and returnable on September 16, 1937, was too late because that date was more than ninety days since the delivery of the deed to the purchaser. But we have here the factor of the defendants *appearing* on that day and not raising the objection that the motion was barred by the lapse of more than ninety days.

The question before the court is, really, whether the defendants, by their failure to raise the question at that time, have waived their right to do so now. The answer in turn depends upon whether the ninety-day limitation imposed by section 1083-a is jurisdictional, for, if it is, the objection may be raised at any time (*MacAffer* v. *Boston & Maine Railroad*, 268 N. Y. 400), and there can be no waiver or acquiescence or agreement conferring jurisdiction. (*Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37, at p. 42.)

Section 1083-a of the Civil Practice Act is remedial. It did not create any new substantive rights; it simply regulates the procedure for fixing the amount and entering a deficiency judgment. " The idea was that the mortgagor should have an opportunity to contest the entry of a deficiency judgment which was not justified." (*Berkman* v. *Silverstein*, [3d Dept.] 245 App. Div. 891.) The ninety-day clause in said section is a limitation as to the time within which a mortgagee may request or pray for a deficiency judgment. It is in substance a " statute of limitation," which must be pleaded or raised as an objection. (*First National Bank of Genoa* v. *American Surety Co.*, 239 App. Div. 282, 284.)

In the case at bar it was not raised, but the defendant submitted to the determination on the merits of a motion which was a renewal of one timely made but withdrawn because of improper service. Having made no objection at that time these defendants, who were unsuccessful, cannot now raise that objection. Their failure to do so at the proper time is a waiver thereof.

To hold otherwise would, under the circumstances present in this case, render the provisions of section 1083-a an offensive rather than the defensive weapon which the Legislature intended the mortgagor to have.

The motion is, accordingly, denied.