CATHOLIC WOMEN'S BENEVOLENT LEGION, Respondent, *v.* RUTH BURKE and LEON BURKE, Her Husband, Appellants, Impleaded with MAMIE BECKER and Others, Defendants.

First Department, January 28, 1938.

*Leon Burke* of counsel [*Ruth Burke* with him on the brief], appellants in person.

*Charles P. Eschmann* of counsel [*Louis Costagliola* with him on the brief: *Connolly & Frey*, attorneys], for the respondent.

COHN, J. This appeal involves two questions: (1) Whether the Special Term had jurisdiction over the person of the defendants-appellants, and (2) whether a *nunc pro tunc* order made on application for leave to enter a deficiency judgment against them in an action to foreclose a mortgage on real property was proper.

In the foreclosure action, plaintiff demanded judgment for any deficiency against the defendants-appellants and each was personally served with the summons and complaint. The appellant Ruth Burke appeared in the action by her attorney, Reuben Shefkowitz, but the other appellant, Leon Burke, did not appear.

Pursuant to the judgment of foreclosure and sale, the mortgaged premises were sold to plaintiff on March 29, 1935, and on April 15, 1935, the deed of conveyance was delivered to the purchaser by the referee appointed by the court.

Thereafter plaintiff, upon a notice of motion dated July 5, 1935, moved for an order to enter a deficiency judgment against the appellants herein in such amount as the court might determine.

The motion papers were served upon appellants by mailing them on July 5, 1935, addressed to Ruth Burke at 314 East One Hundred and Eighty-seventh street, Bronx, New York, Leon Burke at 305 Broadway, New York city, and Reuben Shefkowitz at 305 Broadway, New York city. This motion was made returnable on July 15, 1935, at Special Term, Part I, of the Supreme Court for the county of Bronx. The appellants admit receiving these papers in due course by mail.

The court was not in session for the hearing of motions on the return day, which happened to fall on a Monday. Motion days designated for the summer months for the Special Term, Supreme Court, Bronx county, were Tuesdays and Fridays. (Cf. New York Law Journal, July 15, 1935, p. 141, col. 6.) The motion accordingly appeared upon the calendar on the first court day thereafter, which was Tuesday, July 16, 1935. The defendants Ruth Burke and Leon Burke, appearing specially, objected to the jurisdiction of the court over them, upon the ground that service of the motion papers by mail was improper under section 1083-a of the Civil Practice Act, and upon the further ground that insufficient time had been given them between the service and the return date specified in the motion papers. While this motion was pending undetermined, plaintiff on July 19, 1935, by an order to show cause dated that day and made returnable on July 23, 1935, moved for an order directing that the notice of motion and affidavits, theretofore served by mail upon appellants and Reuben Shefkowitz on July 5, 1935, be deemed a sufficient service and that the order to be entered on this second motion should be deemed effective as of July 3, 1935, and entered *nunc pro tunc*. On the return date of the latter motion the defendants again appeared specially and contested the jurisdiction of the court over them upon the ground that no personal service of the original motion papers was made upon them and upon the further ground that the ninety days provided in section 1083-a of the Civil Practice Act, within which such an application must be made, had expired.

Section 1083-a of the Civil Practice Act, so far as material, at the time of the pendency of these proceedings, read as follows:

" § 1083-a. Limitation upon deficiency judgments during emergency period. No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where an action to foreclose the mortgage has been or shall be commenced during the emergency or where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an

order confirming the sale or within ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally *or in such other manner as the court may direct.*" (Added by Laws of 1933, chap. 794, as amd.) (Italics ours.)

The time limited for making the motion in the action for leave to enter a deficiency judgment is ninety days after the date of the consummation of the sale of the mortgaged property by delivery of the proper deed of conveyance to the purchaser. As applied to the facts here, the motion should have been made on or before July 15, 1935. Concededly appellants actually received notice of the application for leave to enter the deficiency judgment before July 15, 1935. They insist, however, that the motion is deemed made when it is returned in court and not when the notice is served (*Cleary* v. *New York State Railways,* 199 App. Div. 28), which they assert would make the date of the making of the motion July 16, 1935. The emergency legislation placing limitations on deficiency judgments was not designed to provide loopholes to a mortgagor to escape an obligation assumed by him. Substantial compliance with the statute is all that is required. (*Berkman* v. *Silverstein,* 245 App. Div. 891.) The appellants had ample actual notice of plaintiff's application for a deficiency judgment and they were deprived of no rights or benefits afforded by the statute. They will still have their day in court for they may appear before the official referee appointed and contest plaintiff's demand for deficiency judgment against them.

It is true that the motion papers for a deficiency judgment were mailed on July 5, 1935, and the defendants were thus accorded only ten days' notice of motion, whereas under rule 60 of the Rules of Civil Practice and section 164 of the Civil Practice Act defendants would ordinarily be entitled to eleven days' notice. Nevertheless, by express provision of section 1083-a, service of such notice may be made not only personally but " *in such other manner as the court may direct.*" The court is thus empowered to direct service by mail of the papers on the motion for leave to enter a deficiency judgment and the court is authorized to prescribe the length of the time of the notice. Except where attorneys for the several parties have their offices in the same city or village, rule 60 of the Rules of Civil Practice requires that a notice of motion be served eight days before the time set for the hearing *unless otherwise provided.* Section 1083-a of the Civil Practice Act makes

such other provision. As actual notice of the motion had come to appellants within the ninety days' period and as the court had the power to direct the time of notice as well as the manner of its service, the court in its discretion in these circumstances was within its rights in validating service upon the appellants by a *nunc pro tunc* order. The defects in the service of the motion papers were mere irregularities which could be corrected by a *nunc pro tunc* order. (*Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; Civ. Prac. Act, §§ 105, 109.)

We are accordingly of the view that the order which granted *nunc pro tunc* as of July 3, 1935, leave to serve by mail upon the said defendants the papers on the original motion for leave to enter a deficiency judgment was a proper exercise of the court's discretion. We also think that the Special Term was right in denying appellants' motion to dismiss the proceedings against them for alleged lack of jurisdiction.

For the foregoing reasons the orders appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Orders unanimously affirmed, with twenty dollars costs and disbursements.