Vincent A. Lupiano, J.
Appearing specially, the defendant cross-moves pursuant to section 237-a of the Civil Practice Act, to set aside the service of the summons and complaint, and similarly, by separate motion, cross-moves further to set aside the service of the order to show cause, dated December 4, 1957, *120 and of the summons and complaint. The summons was properly-served on the defendant by service upon the Secretary of State at Albany, New York. The defendant is a foreign corporation licensed to do business here and has designated the Secretary of State for the service of process. With respect to the order to show cause, which granted short time to make service on the defendant, it is admitted that the order and supporting papers, including the summons and complaint, were left at defendant’s office by inserting them in the mail slot. It is also admitted that defendant has no officer in this State qualified to receive service and that its office was closed shortly before the expiration of time granted for service at noon on December 16,1957. Plaintiff made numerous other efforts and did bring notice to the defendant of such service and knowledge of the papers was seemingly obtained. Service on the defendant was thus made on the Secretary of State or in all the circumstances service was adequate and any defect is curable (see Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 129, and Catholic Women’s Benevolent Legion v. Burke, 253 App. Div. 261, 265). More important, the defendant no doubt acknowledging the urgency of the matter and the technical difficulties involved in the service and apparently having had ample opportunity to prepare its defense, has actually submitted in opposition on the merits to plaintiff’s motion for temporary injunction, despite the fact such opposing affidavit was embraced within the claim of special appearance. The urgency in the matter arises from the fact that there is pending an arbitration proceeding in this State initiated by the plaintiff and two actions instituted by the defendant against the plaintiff in a foreign jurisdiction and having to do with the subject of the arbitration. Such urgency and the necessity for maintenance of the status quo was no doubt the motivation of the temporary stay granted by the order of December 18, 1957. Seemingly, too, defendant acted in good faith and properly in accordance with advice in that direction in declaring its special appearance and thereupon sufficient time having elapsed to prepare a defense to the main motion, it did so and has interposed the affidavit in opposition thereto.
The cross motions are accordingly denied and the stay contained in the order of December 18, 1957, is continued until the determination of plaintiff’s motion for temporary injunction.