■ PHILIP STRAUSS, Plaintiff, v. CARMEL & LIVINGSTON CORP., Defendant and Third-Party Plaintiff-Appellant. ALBERT NEWBERG, Third-Party Defendant-Respondent.—Motion by third-party defendant-respondent to dismiss appeal denied, on condition that appellant perfect the appeal and be ready to argue or submit it at the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before September 1, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ ROSE WEBER et al., Plaintiffs, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. CLAIRE SOLOMON, Third-Party Defendant-Respondent.— Motion by appellant for reargument referred to the court that rendered the decision. Beldock, Acting, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur. Motion for reargument denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ MARION WEISER, as Administratrix of the Estate of ADOLPH WEISER, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Motion by judgment creditor for leave to appeal to this court from an order of the Appellate Term, granted. Motion by judgment creditor for leave to appeal as a poor person granted to the extent of dispensing with printing. The appeal will be heard on the original papers and on appellant's typewritten brief, which shall include a copy of the opinions, if any, rendered by the courts below. Appellant is directed to file six copies of his typewritten brief and to serve one copy on the judgment debtor. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ BEATRICE R. BRINKMAN, Respondent, v. BERNARD BRINKMAN, Appellant.— In an action by the wife for a judicial separation, the husband appeals from an order of the Supreme Court, Kings County, dated February 27, 1961, which referred to an Official Referee to hear and report (or to hear and determine if both parties consent), a motion by the wife to punish the husband for contempt by reason of his failure to pay arrears in alimony, and a cross motion by the husband to dismiss the complaint for lack of prosecution and for other relief. Appeal dismissed, without costs, on the grounds: (1) that plaintiff has not consented that an Official Referee hear and determine the motions; and (2) that an order referring a matter to an Official Referee to hear and report is not appealable (*Rayex Corp.* v. *Sanchez,* 6 A D 2d 903; *Cameron* v. *Cameron,* 2 A D 2d 979; *Newcomb* v. *Newcomb,* 281 App. Div. 689; *Bazel* v. *Bazel,* 282 App. Div. 952, and cases therein cited). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ GEORGE BUTTICE, Appellant, v. NEW YORK SEVEN-UP BOTTLING CO., Respondent.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered September 13, 1960, in favor of defendant, upon the dismissal of plaintiff's complaint on the merits at the close of plaintiff's case, after a jury trial. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.