**UNITED STATES of America,**
**Plaintiff,**

v.

**MERRICK SPONSOR CORP. et al.,**
**Defendants.**

**No. 65–C–1043.**

United States District Court

E. D. New York.

Dec. 20, 1968.

7.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for plaintiff; D. Rago, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Schiff & Friedman, New York City, for Merrick Sponsor Corp.

## MEMORANDUM AND ORDER

TRAVIA, District Judge.

MERRICK SPONSOR CORP. (MERRICK), the mortgagor of certain premises located in New York, New York, defaulted on its note and mortgage, which mortgage was insured by the Federal Housing Commissioner. The mortgagee assigned its rights in the mortgage and note to the Federal Housing Commissioner, and the UNITED STATES brought a foreclosure action. A default judgment was entered which provided that

if the proceeds of such sale be insufficient to pay the amount due to plaintiff with interest and costs * * *,

the Master shall specify the amount of such deficiency in his report of sale, and the plaintiff recover of the defendant MERRICK SPONSOR CORP. the whole deficiency, or so much thereof as the Court may determine is just and equitable of the residue of the mortgage debt remaining after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made * * *.

The property was sold at public auction to the Secretary of Housing and Urban Development, and the Master's deed to the premises was delivered to the purchaser on July 31, 1967. By a notice of motion filed in this Court on December 11, 1967, plaintiff applied for an order confirming the Master's report of sale and granting leave to plaintiff to enter a deficiency judgment against MERRICK. The motion was granted by default, and a judgment in the amount of $1,202,694.48 was entered on January 8, 1968.

More than ten months later, by a notice of motion filed October 25, 1968, returnable October 30, 1968, MERRICK moved for an order vacating both the deficiency judgment and a subpoena served thereunder, arguing that the deed of conveyance was delivered to the purchaser on July 31, 1967, and that more than 90 days later, to wit, on December 11, 1967, plaintiff moved to enter the deficiency judgment, in violation of Section 1371 of the Real Property Actions and Proceedings Law of the State of New York, McKinney's Consol.Laws, c. 81, which provides in part:

2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment * * *.

3. If no motion for a deficiency judgment shall be made as herein pre-scribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.

*I.*

■ The government's first argument, amply supported by authority, is that "federal law applies in an action by the United States to foreclose a mortgage insured by and assigned to the FHA", United States v. Walker Park Realty, Inc., 383 F.2d 732, 733 (2d Cir. 1967); accord, United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir. 1959), cert. denied 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120; United States v. Sylacauga Properties, Inc., 323 F.2d 487 (5th Cir. 1963). Public policy would seem to require this, for when the United States, pursuant to constitutional acts of Congress, enters into large transactions requiring uniform administration, questions of rights and liabilities must be uniformly determined by federal law, and the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), does not apply to actions to enforce rights of the United States acting under its constitutional powers. United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L. Ed. 2067 (1947); Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943); N.Y., N.H. & H.R. Co. v. Reconstruction Finance Corp., 180 F.2d 241 (2d Cir. 1950); United States v. McCabe Co., 261 F.2d 539 (8th Cir. 1958). These principles certainly would apply to the Federal Housing Administration, an agency governed by the National Housing Act, that is national in scope, and deals in government money and credit. United States v. Helz, 314 F.2d 301 (6th Cir. 1963); United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir. 1959), cert. denied 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120.

■■ There is no doubt but that a deficiency judgment is a remedy afford-

ed to the United States to recover any portion of its debt that was not satisfied by the proceeds from a foreclosure sale. See United States v. Walker Park Realty, Inc., supra; United States v. Flower Manor, Inc., 344 F.2d 958 (3d Cir. 1965); Herlong-Sierra Homes Inc. v. United States, 358 F.2d 300 (9th Cir. 1966), cert. denied 385 U.S. 919, 87 S. Ct. 229, 17 L.Ed.2d 143; United States v. Woodland Terrace, Inc., 293 F.2d 505 (4th Cir. 1961), cert. denied 368 U.S. 940, 82 S.Ct. 381, 7 L.Ed.2d 338, all of which cases involved deficiency judgments following foreclosure of FHA mortgages. It has, therefore, often been held that when the FHA seeks to foreclose a mortgage, the various aspects of the procedure should be governed by federal, and not state, law. United States v. Flower Manor, Inc., supra (the fact that the order fixing hearing as to value of property said " 'in accordance with the Deficiency Judgment Act of Pennsylvania' " did not make the order subject to Pennsylvania statute of limitations); United States v. View Crest Garden Apts., Inc., supra (appointment of a receiver); United States v. Walker Park Realty, Inc., supra (entry of a deficiency judgment where original judgment of foreclosure and sale did not expressly provide for subsequent entry of a deficiency judgment).

■ The Federal Rules authorize a deficiency judgment to be obtained in a foreclosure action, Fed.R.Civ.Proc. 2, 2 Moore's Federal Practice, § 2.06[8], such judgment was authorized in the order of foreclosure and sale in the instant case, and no provision of the applicable federal foreclosure law mitigates against the granting of such judgment.

## II.

Nevertheless, defendant argues that state law applies, for Rule 69 of the Federal Rules of Civil Procedure is included in the body of federal law and provides in part that:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs oth-

erwise. The procedure on execution, in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. (p. 115)

There are no applicable federal statutes. Defendant, therefore, bases his argument upon Rule 69 and a series of cases from the Tenth Circuit. In Reconstruction Finance Corp. v. Breeding, 211 F.2d 385 (10th Cir. 1954), the court, affirming the denial of a motion to revive the original and supplemental judgments, held that the Oklahoma deficiency judgment statute was binding upon the Reconstruction Finance Corp. (RFC) by virtue of Rule 69, for while the usual rule is that the right of the United States to enforce a liability owed to it may not be defeated or limited by state law, that action was brought by the RFC, a "sue and be sued" corporation, which "when acting as a litigant in a court of competent jurisdiction, * * * is not clothed with the prerogatives or immunity of the sovereign." (pp. 389–390)

The 90-day Oklahoma limitation as to the entry of a deficiency judgment, adopted directly from the New York law, was specifically analyzed in Ingerton v. First National Bank and Trust Co. of Tulsa, 291 F.2d 662 (10th Cir. 1961) and 303 F.2d 439 (10th Cir. 1962). The court there reversed a lower court ruling and set aside a deficiency judgment, holding that the 90-day provision need not be affirmatively pleaded as a defense to a motion for a deficiency judgment that had been filed after the 90-day period, for the 90-day provision was "an integral part of the substantive right to a post-foreclosure deficiency judgment," 303 F.2d at 440, and that failure to move within the 90 days deprived the trial court of the power to enter the deficiency judgment. The United States was not involved in this action.

Finally, in Unied States v. Inciardi, 258 F.Supp. 837 (W.D.Okla.1966), the court applied the Oklahoma deficiency judgment law in determining the amount of deficiency in an action to recover debts owed to the Small Business Administration (SBA), even though the SBA was an integral part of the United States government, and the case was thus considered to be an action instituted by the United States itself, unlike the action brought by the RFC in the *Breeding* case. The court ruled that the United States was bound by Oklahoma and not federal law because the Oklahoma statute did not exempt the United States from its purview.

Assuming for the purposes of this motion that a deficiency judgment is a proceeding "supplementary to and in aid of a judgment" within the meaning of Rule 69, Fed.R.Civ.Pro., this Court should, in construing New York law, give weight to, if not follow, the interpretations of state courts, even if the point at issue has not been expounded upon by the highest court of the state. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940); King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); 1A Moore's Federal Practice, §§ 0.-307[2], 0.308. New York courts construe the 90-day limitation as "procedural and not jurisdictional," Tompkins County Trust Co. v. Herrick et al., 171 Misc. 929, 936, 13 N.Y.S.2d 825, 832 (1939). The statute on deficiency judgments

> did not create any new substantive rights; it simply regulates the procedure for fixing the amount and entering a deficiency judgment. * * * The 90-day clause in said section is a limitation as to the time within which a mortgagee may request or pray for

a deficiency judgment. It is in substance a *"statute of limitation"* which must be pleaded or raised as an objection. (Emphasis Added.) Jamaica Savings Bank v. Risian Realty Corp. et al., 165 Misc. 372, 374, 300 N.Y.S. 553, 555 (1937); accord, In re Riverview Products, Inc., 34 F.Supp. 482 (W.D.N.Y.1940), aff'd 34 F.Supp. 733 (W.D.N.Y.1940).

No reason can be seen not to follow this interpretation. Thus, while in the Tenth Circuit cases cited by defendant, the 90-day provision was viewed as jurisdictional and substantive in nature, in New York the provision is merely procedural and in the nature of a statute of limitations. This distinction is important because the rule is "well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."[1] United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). This is so even if the state statute in question does not specifically exempt the United States from its purview, United States v. Inciardi, supra, notwithstanding. The Supreme Court addressed itself to the problem long ago in United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1879). There a statute of limitations of Minnesota was raised as a defense in a suit brought by the United States. The court stated at page 490:

> the United States not being named in the Statute of Minnesota, are not within its provisions. It does not and cannot "apply" to them. If it did, it would be beyond the power of the state to pass it, a gross usurpation, and void.

Cf. Matter of Smather's Estate, 249 App.Div. 523, 293 N.Y.S. 314 (1937).

The problem in the instant case, therefore, resolves down to whether the

---

[1]. Of course, it is now firmly established that a state statute limiting the time from judgment within which execution can issue is not a "statute of limitation" and is therefore binding on even the United States as sovereign. Custer v. Mc-Cutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239 (1931). But a motion for deficiency judgment can in no sense be considered to be an aspect of "execution", and is thus not within the rule of Custer v. McCutcheon.

United States itself is the true plaintiff and party in interest. If it is, the 90-day provision will not be binding upon it. In United States v. Summerlin, supra, as in the instant case, the Federal Housing Administrator (the former title of the Federal Housing Commissioner), acting on behalf of the United States, became the assignee of a claim. The Supreme Court specifically stated that:

the fact that the claim was acquired by the United States through operations under the National Housing Act does not take the case out of [the rule that the United States is not bound by state statutes of limitations or subject to the defense of laches]

for:

When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. (310 U.S. pp. 416–417, 60 S.Ct. p. 1020)

See Marks, Maloney, and Paperno, Mortgages & Mortgage Foreclosure in New York, § 497 (1961).

■ Where a mortgage is insured by the FHA, pursuant to the provisions of the National Housing Act, 12 U.S.C.A. § 1702 et seq., and upon default assigned, with the mortgage note, to the Federal Housing Commissioner, the complaint may properly be filed and prosecuted in its own name by the United States, as the real party in interest. Waylyn Corp. v. United States, 231 F.2d 544 (1st Cir. 1956), cert. denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49.

Finally, it must be noted that in none of the Tenth Circuit cases cited by defendant was the 90-day provision ever held to apply to the United States or any of its agencies. Even if such an application could arguably be said to be consistent with the rationale of these cases, that the Second Circuit would be in disagreement with such a view is obvious.

In United States v. 93 Court Corp., 350 F.2d 386 (2d Cir. 1965), cert. denied 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473, the government commenced an action to foreclose a mortgage that secured a note given to the RFC. The defendants pleaded the New York statute of limitations applicable to actions commenced upon mortgages of real property. The sole issue before the court was:

whether either a state statute of limitations or the doctrine of laches may be utilized by these defendants to bar action by the United States to enforce rights of the Reconstruction Finance Corporation. (p. 387)

The court answered in the negative, stressing that the policy reason for exempting the United States from local statutes of limitation and the defense of laches is that:

the failure of a government employee to bring an action within the time prescribed by a state statute of limitations should not bar the government from bringing the action if the action is one to enforce public rights or to protect the public fisc. This rule allows the government to maintain belated actions to enforce public rights regardless of the "governmental" or "business" nature of the government-sponsored activity that created the rights. * * * We believe the policy underlying this exemption to be generally salutory and we decline to hold that Congress must specifically endow each government corporation it creates with an expressed exemption from the bar of statutes of limitations or from the defense of laches. The Supreme Court has never ruled that there is no presumption of immunity when the United States is a plaintiff. (p. 389)

■ In sum, federal law should govern the obtaining of a deficiency judgment sought by the United States upon a debt owed to it. But even if Rule 69 of the Federal Rules makes applicable certain aspects of state law, a state cre-

ated statute of limitations, such as New York's 90-day limitation upon the entry of a deficiency judgment, cannot be valid against the United States.

The motion to vacate the deficiency judgment heretofore obtained and the subpoena issued thereunder is denied.

So ordered.