MORTGAGEE AFFILIATES CORP. et al., Respondents, v JERDER REALTY SERVICES, INC. et al., Defendants, and MURRAY MARCOVITZ et al., Appellants.

Second Department, June 12, 1978

APPEARANCES OF COUNSEL

*Julius Zizmor* for Murray Marcovitz, appellant.

*Gutman & Gutman (S. Mac Gutman* of counsel), for Louis Durante, appellant.

*Shea Gould Climenko & Casey (Martin I. Shelton* and *John B. Grant, Jr.,* of counsel), for respondents.

### OPINION OF THE COURT

DAMIANI, J. P.

The defendants Marcovitz and Durante are guarantors of a mortgage given by defendant Jerder Realty Services, Inc. to plaintiff Mortgagee Affiliates Corp. Jerder Realty defaulted and plaintiffs commenced a foreclosure action against it and the guarantors. Judgment of foreclosure was granted in favor of the plaintiffs and, at the sale held on March 3, 1977, the property was sold for less than the outstanding debt. On

March 15, 1977 the deed was delivered to the purchaser. On June 9, 1977, some 86 days later, plaintiffs obtained an order requiring only the guarantors to show cause why a deficiency judgment should not be entered. Personal service of the order to show cause upon Marcovitz and upon the attorneys for Durante was required by June 13, 1977. Durante was served within the time specified, but Marcovitz was not served until June 15, 1977, the 92d day after delivery of the deed.

Marcovitz opposed the motion to enter a deficiency judgment against him on the ground that service of the order to show cause had been untimely. CPLR 2211 specifically provides that a motion brought on by order to show cause is made when served and not when signed.

■ Section 1371 of the Real Property Actions and Proceedings Law, which governs motions to enter a deficiency judgment, requires that such a motion be made within 90 days after the consummation of the sale and, in so doing, it sets forth a Statute of Limitations (see *Jamaica Sav. Bank v Risian Realty Corp.*, 165 Misc 372). The requirement is procedural and not jurisdictional *(Jamaica Sav. Bank v Risian Realty Corp., supra; Tompkins County Trust Co. v Herrick*, 171 Misc 929), which simply means that an objection to the plaintiff's failure to make the motion within the required 90-day period must be specifically pleaded or raised as an objection in response to the motion, and may not be raised at any time thereafter *(Jamaica Sav. Bank v Risian Realty Corp., supra*, p 374). Here, Marcovitz raised timely objection.

Thus, we are faced with a situation in which the plaintiffs have served their motion papers beyond the 90-day period of the Statute of Limitations and Marcovitz has timely raised the limitation as a bar to further deficiency proceedings against him. The dissent purports to find some exception to the normal consequences of the failure to comply with a statute of limitations and suggests that Special Term "possessed the discretion to excuse noncompliance with the statutory period". The source of this discretion is not claimed to be found in any statute. Similarly, the cases cited in the dissent do not support the proposition that the courts have the discretion to excuse untimely service.

In the cases of *Catholic Women's Benevolent Legion v Burke* (253 App Div 261) and *Berkman v Silverstein* (245 App Div 891), the motions to enter deficiency judgments were made and the papers were served within the 90-day period, but by

some unauthorized method of service. Notice of the motion was in fact received by the defendants and the courts excused use of the improper *method* of service and validated the method actually used *nunc pro tunc.* In *Tompkins County Trust Co. v Herrick* (171 Misc 929, *supra)* the application to enter a deficiency judgment was also made within the 90-day period, but under the procedure established by a statute which had since been amended. The court stated (p 936): *"Having acted in time * * * plaintiff's right to an adjudication on the merits is not affected"* (emphasis supplied). The case of *Jamaica Sav. Bank v Risian Realty Corp.* (165 Misc 372, *supra)* involved a situation in which the motion to enter a deficiency judgment was made beyond the 90-day period, but in which the defendant waived the Statute of Limitations by failing to raise a timely objection. The case of *United States v Merrick Sponsor Corp.* (294 F Supp 1048) is not in point because it merely holds that the 90-day Statute of Limitations set forth in the statute (Real Property Actions and Proceedings Law, § 1371) does not apply *where the United States is the party plaintiff* seeking a deficiency judgment. It is "well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights" *(United States v Summerlin,* 310 US 414, 416). Thus, the cases cited in the dissent do not support the proposition that the court, as opposed to the defendant himself, has the power to excuse untimely service.

There is no proof in this record that defendant Marcovitz had actual knowledge of any attempt to make service of the order to show cause upon him or that he attempted to avoid such service (see 3 Carmody-Wait 2d, NY Prac, § 24:46). The failure of the plaintiffs to effectuate service in accordance with the terms of the order to show cause within the 90-day time limit is a complete bar to the entry of a deficiency judgment against defendant Marcovitz (see *City Bank Farmers Trust Co. v Cohen,* 300 NY 361, dsmg app from 275 App Div 656).

Accordingly, the application of the defendant Marcovitz to dismiss the motion to enter a deficiency judgment as against him should have been granted.

■ The appeal of defendant Durante should be dismissed because it was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686, 687). Had the said appeal been properly perfected, we would have nonetheless dismissed it since (1) no appeal lies

from an order directing a reference to hear and report *(Brinkman v Brinkman,* 13 AD2d 1024; *De Matteis v De Matteis,* 21 AD2d 783) and (2) the said defendant does not have the standing of an aggrieved party (CPLR 5511) to appeal from the denial of the application of the defendant Marcovitz since he did not join in that application.

O'CONNOR, J. (concurring in part and dissenting in part). I concur with the disposition made with regard to the appeal of defendant Durante. However, I respectfully dissent and would affirm the order of Special Term insofar as it has been appealed from by defendant Marcovitz.

The failure to serve Marcovitz until the 92d day after the delivery of the deed was not fatal to plaintiff Mortgagee Affiliates Inc.'s (Affiliates) effort to enter a deficiency judgment. Affiliates, despite its "diligent attempts" to serve Marcovitz, was unable to locate him within the 90-day time limitation set forth in subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law. It certainly would have been preferable if Affiliates had pursued the route of substituted service within the time period. Special Term, however, possessed the discretion to excuse noncompliance with the statutory period and, in the light of the very short time period involved until Marcovitz was served, two days, the lack of prejudice and the diligent attempts made to perfect timely service, this discretion was properly and justly exercised.

Contrary to the majority's position, no absolute bar to the entry of a deficiency judgment existed (see *Catholic Women's Benevolent Legion v Burke,* 253 App Div 261; *Berkman v Silverstein,* 245 App Div 891; *Tompkins County Trust v Herrick,* 171 Misc 929; *Jamaica Sav. Bank v Risian Realty Corp.,* 165 Misc 372; *United States v Merrick Sponsor Corp.,* 294 F Supp 1048, 1052). As has been noted in relation to the predecessor to section 1371 of the Real Property Actions and Proceedings Law: "Its broad and liberal purpose is not to be frittered away by any narrow construction * * * Substantial compliance with the statute is all that is required" *(Berkman v Silverstein, supra,* p 891). "The emergency legislation placing limitations on deficiency judgments was not designed to provide loopholes to a mortgagor to escape an obligation assumed by him. Substantial compliance with the statute is all that is required" *(Catholic Women's Benevolent Legion v Burke, supra,* p 264). "It did not create any new substantive

rights; it simply regulates the procedure for fixing the amount and entering a deficiency judgment" *(Jamaica Sav. Bank v Risian Realty Corp., supra,* p 374). "This limitation * * * is procedural and not jurisdictional * * * To bar it would be to impose a penalty not required by the statute and inconsistent with its purpose" *(Tompkins County Trust Co. v Herrick, supra,* p 936).

The majority seeks to distinguish *Catholic Women's Benevolent Legion v Burke (supra)* and *Tompkins County Trust Co. v Herrick (supra)* upon the ground that in those cases, although an unauthorized and hence improper method of service was utilized, actual notice of the motion was given. It is the obvious conclusion of the majority that here no such notice was given and, hence, that the cited cases are not controlling. That conclusion, however, is not warranted by the facts. The clear thrust of the decisions in *Catholic Women's, Tompkins County* and *Berkman (supra)* is that failure to properly move for a deficiency judgment within the prescribed time is not fatal but, at worst, is a remedial and excusable defect.

The majority properly notes that in those cases the moving papers were actually served within the 90-day period, while here they were not. The significance of the service of process in those cases, however, is that by serving the party against whom the deficiency judgment was sought, the moving party established that the defendants had actual knowledge of the motion. In this case Marcovitz was aware that Affiliates was attempting to commence proceedings to obtain a deficiency judgment. This is apparent from a perusal of the conflicting affidavits submitted by the parties on the instant motion. The respondents submitted two affidavits by two different process servers who had attempted to serve Marcovitz at his business office on two separate dates within the 90-day period. On both occasions, they aver, they were told that Marcovitz was not in. In a flat denial, Marcovitz submitted an affidavit alleging that he had been at his office on each of the days in question and that nobody had appeared to serve him. In the light of these directly conflicting allegations, Special Term's finding that "diligent efforts" were made to serve Marcovitz contains an implicit determination that he [Marcovitz] was avoiding service and that he was aware, in the context of the attempted service, that a deficiency judgment was being sought by respondents. It is a reasonable and clear conclusion therefore that Marcovitz had actual knowledge of what was afoot. This

knowledge on the part of Marcovitz is an important factor supporting the exercise of Special Term's discretion in permitting service of the moving papers after the expiration of the 90-day time period.

The majority, however, argues that in *Catholic Women's* and *Berkman* service was made within the prescribed period (90 days), but "by some unauthorized method of service". Yet, it must be noted that unauthorized or illegal or incomplete service is no service at all. It is axiomatic that a court does not and cannot acquire jurisdiction merely because improper process has been physically served in a timely manner. (See *Levin v McGovern,* 53 AD2d 1042; *Tamburo v P & C Food Markets,* 36 AD2d 1017.)

It is thus apparent that in *Catholic Women's, Berkman* and *Tompkins (supra),* jurisdiction was retained by the court, not because some form of process had been served within 90 days, but because in each instance the failure to properly make the motion for a deficiency judgment within the proscribed time period was held to be an excusable procedural defect.

Accordingly, Special Term properly denied Marcovitz' application.

SUOZZI and GULOTTA, JJ., concur with DAMIANI, J. P.; O'CONNOR, J., concurs in part and dissents in part, with an opinion.

On the appeal by defendant Marcovitz, order of the Supreme Court, Richmond County, dated October 24, 1977, modified, on the law, by adding thereto a provision granting the application of defendant Marcovitz to dismiss the proceeding as against him on the ground of the Statute of Limitations. As so modified, order affirmed insofar as appealed from by defendant Marcovitz, with $50 costs and disbursements to said defendant payable by plaintiffs. Appeal by defendant Durante dismissed, without costs but with disbursements payable by said defendant to plaintiffs for their brief submitted in response to his brief.