OPINION OF THE COURT
Bernard F. McCaffrey, J.
The foreclosure sale, pursuant to the judgment of foreclosure and sale, dated November 6, 1975, was conducted on January 5, 1976. The plaintiffs were the purchasers of the premises at the foreclosure sale. On April 5, 1976, 91 days after the delivery of the referee’s deed to the purchaser, plaintiffs moved for a deficiency judgment. An application for *502 such relief is required to be made within 90 days after consummation of the sale, but, because in this instance the 90th day was a Sunday, the motion was not untimely. However, the crux of this motion to vacate the deficiency judgment is whether it was fatally defective in that notice thereof was not given to the parties against whom the deficiency judgment was being sought, as required by section 1371 of the Real Property Actions and Proceedings Law.
Thus, this motion by defendants, Roslyn Plaza, Ltd., Richard Carey and Ronnie Carey, for an order vacating the deficiency judgment entered against them upon their alleged default, is determined as hereinafter indicated.
The movants did not appear in this action to foreclose a mortgage upon real property until August 28, 1975, more than three months after the granting by this court (Pittoni, J.) on May 20, 1975 of plaintiffs’ motion for summary judgment. Their notice of appearance contained a waiver of the service of all papers and of notices of all proceedings in this foreclosure action, except notice of sale and notice of proceedings to obtain surplus money. The final judgment of foreclosure and sale was signed on November 6, 1975. Pursuant thereto, the sale of the property was conducted and the deed was delivered to purchasers on January 5, 1976. The plaintiffs were the purchasers at the foreclosure sale. On April 5, 1976, the plaintiffs moved for confirmation of the foreclosure sale and the referee’s report and for leave to file a deficiency judgment.
A judgment creditor of the movants, Air-Lite Material Corp., opposed the application of the plaintiffs contending that the value of the property foreclosed was far in excess of the amount paid by the purchasers, the plaintiffs herein. The judgment creditor argued that under the circumstances herein to permit plaintiffs to enter a deficiency judgment whereby they might obtain other assets belonging to the defendants would, in effect, unduly enrich plaintiffs to the detriment of other parties. The court in deciding plaintiffs’ application found there existed a triable issue as to the value of the property at the time of the foreclosure sale and ordered a hearing. Pursuant to this directive, a hearing was held before another Justice of this court, and a decision rendered on February 28, 1977, wherein the plaintiffs were awarded a deficiency judgment in the sum of $145,896.09 against defendants. A judgment on this determination was granted and entered on March 23, 1977.
*503 The defendants in the foreclosure action, Roslyn Plaza, Ltd., Richard Carey and Ronnie Carey, now seek an order vacating the deficiency judgment entered on their default on the grounds of the failure of the plaintiffs to afford notice to the movants pursuant to section 1371 of the Real Property Actions and Proceedings Law.
Section 1371 of the Real Property Actions and Proceedings Law, in relevant part, provides: "2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct”.
The plaintiffs initiated their attempt to obtain a deficiency judgment by a notice of motion. Accordingly, pursuant to section 1371, they were required to personally serve the defendants or their attorney. The movant, Richard Carey, the president of Roslyn Plaza, Ltd., has averred on behalf of the defendants in the foreclosure action that the defendants never received notice of the application for a deficiency judgment. Their attorney, Harvey Fischer, who filed the aforesaid notice of appearance in the foreclosure action on behalf of the defendants, also denies receiving any communication, either written or oral, concerning the efforts of the plaintiffs to procure a deficiency judgment. The plaintiffs do not deny their failure to personally serve the defendants or their attorney with the papers seeking a deficiency judgment. Rather, the plaintiffs argue that they were not required to serve the papers by which they pursued a deficiency judgment by virtue of the waiver contained in the notice of appearance filed in the foreclosure action.
The notice of appearance filed by defendants’ attorney in the foreclosure action contained on its face in bold print the following: "notice of appearance and waiver in foreclosure”. In the body of this instrument, in addition to the appearance by the attorney, was stated: "and hereby waive service of all papers and notices of all proceedings in said action, except notice of sale and notice of proceedings to *504 obtain surplus money.” This notice of appearance filed by defendants’ attorney in the foreclosure action was the usual form generally used by and intended for defendants who are joined in an action because of some lien or claim that they may have with respect to the mortgaged premises. Ordinarily, their primary concern is with the possibility that a surplus might result from which their claim might, in some degree, be satisfied. They are not concerned with the possibility that they might be found personally liable to the mortgagee. Parties who might be liable personally, however, would not be expected to waive such service, particularly with respect to notice prescribed by the statute for their protection.
Aside from the contention of the attorney, who served the notice of appearance, that the notice was incorrect, the court does not view the waiver contained in the notice of appearance as having the effect desired by the plaintiffs, under the facts presented. The notice of appearance specifically cites in the bold letters that the waiver is in foreclosure. In light of the fact that the policy of this State is to strictly control deficiency judgment (Lincoln First Bank of Rochester v Healy, 86 Misc 2d 378, affd 55 AD2d 1021), the notice of appearance in question cannot be construed as a waiver of notice in proceedings to obtain a deficiency judgment as prescribed by section 1371 of the Real Property Actions and Proceedings Law. The fact that the complaint in the foreclosure action also contained verbiage praying for a deficiency judgment, is of no consequence under the facts herein. For, even if defendants had wholly failed to appear, thereby waiving their right to the service of papers in the action (CPLR 2103, subd [c]), they would, nevertheless, have been entitled to personal notice as dictated by section 1371.
Further, the notice of appearance which the plaintiffs purport to be a waiver of the notice mandated by section 1371 was filed on August 28, 1975. The final judgment of foreclosure and sale in the foreclosure action was granted on November 6, 1975 and entered on November 12, 1975. The final judgment of November 6, 1975, provides: "that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, interest, costs and allowance, as aforesaid, the said referee specify the amount of such deficiency in his report of sale and that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiffs with interest and costs as afore *505 said, the plaintiff recover of the defendants roslyn plaza, ltd., richard carey and ronnie carey the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section.” This judgment, rendered subsequent to the filing of the notice of appearance provided for the recovery of a deficiency judgment, if a deficiency existed, but only if a motion for a deñciency judgment was made pursuant to section 1371 of the Real Property Actions and Proceedings Law.
From the facts presented herein, it is evident that the plaintiffs did not, as required by section 1371, institute the deficiency judgment proceedings by personal service of the motion papers on the movants or their attorney. Accordingly, the plaintiffs’ application was fatally defective.
In the order of June 8, 1976, wherein this court directed a hearing as to the reasonable market value of the subject property, this court directed plaintiffs to serve a copy of the notice of motion papers for a deficiency judgment, together with a copy of the order directing the hearing, upon the defendants by registered or certified mail within 10 days from the entry of the aforesaid order. Subsequently, the plaintiffs were unable to comply with the order and, therefore, moved for resettlement of the order to afford them an opportunity to comply with the direction of the court. By order dated October 20, 1976, this court granted resettlement and again directed service of copies of the motion papers for a deficiency judgment, and the order directing the hearing on the defendants by certified or registered mail. Although the defendants deny receiving the motion papers or the notice of the hearing, the plaintiffs have submitted documents evidencing compliance with the court’s directive of October 20, 1976.
However, compliance of notice in this matter, as directed by the court in its order of October 20, 1976, is of no avail to relieve the plaintiffs of their duty to serve the defendants or their attorney personally with notice of the motion to enter a deficiency judgment as required by statute. The foreclosure sale was consummated on January 5, 1976. If the plaintiffs *506 were desirous of obtaining a deficiency judgment, they were obligated as stated in section 1371, to within 90 days after January 5, 1976, not only to institute their application, but also to serve the notice of motion papers upon the defendants or their attorney within the prescribed time. This they failed to do. The Appellate Division, Second Department, has recently stated: "Section 1371 of the Real Property Actions and Proceedings Law, which governs motions to enter a deficiency judgment, requires that such a motion be made within 90 days after consummation of the sale and, in so doing, it sets forth a Statute of Limitations [citation omitted]”. (Mortgage Affiliates Corp. v Jerder Realty Servs., 62 AD2d 591, 593.) Under the circumstances of this case, the defect in plaintiffs application for a deficiency judgment could not be cured by any direction of the court in its orders of June 8 or October 20, 1976, that service of the notice of motion papers be made upon the defendants within 10 days service as of the date of the court orders, for the 90-day time limit as contained in the statute for such service had already expired.
There has been no showing that the movants had knowledge of the application for a deficiency judgment so as to be able to object upon the original motion to plaintiffs’ failure to give them notice within the required 90-day period, and this motion is, under the circumstances, a proper vehicle for the interposition of their objection.
In view of the noncompliance of the plaintiffs with section 1371, as determined above, in that they failed to serve the necessary notice on the defendants as mandated by the statute within 90 days from the date of the foreclosure sale, the defendants’ motion is granted to the extent that the judgment of the court (Meade, J.) dated March 23, 1977 and entered March 24, 1977, is vacated to the extent that, upon the default of the movants in appearing at the hearing (CPLR 2221), it directed recovery against them by plaintiffs of a deficiency. Insofar as the balance of the judgment is concerned, the matter is respectfully referred to Mr. Justice Robert C. Meade for possible reconsideration in the light of this determination.