■ HERITAGE SAVINGS BANK, Respondent, v LOUIS GRABOWSKI, Appellant, et al., Defendant.—Appeal from an order of the County Court of Ulster County, entered September 28, 1978, which denied defendant Louis Grabowski's application to dismiss plaintiff's motion for a deficiency judgment. Plaintiff commenced a foreclosure action against defendants. Judgment of foreclosure was granted in favor of plaintiff and, at the sale held on January 4, 1978, the property was sold to plaintiff for less than the outstanding debt. On January 11, 1978, the referee's deed was delivered to plaintiff. Plaintiff prepared motion papers for a deficiency judgment pursuant to section 1371 of the Real Property Actions and Proceedings Law on March 22, 1978, by which time the defendants had left New York State and moved to New Jersey. Plaintiff mailed copies of the motion papers to the Sheriff of their new county of residence, and Clementine Grabowski was personally served on March 28, 1978 and again on April 7, 1978. Subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law requires that a motion for a deficiency judgment be made within 90 days of the delivery of the referee's deed, and directs that the notice of motion be served personally or in such other manner as the court may direct. Apparently realizing that personal service had not been made on Louis Grabowski in accordance with the statute, plaintiff obtained an order to show cause on April 19, 1978, which directed that copies of the order, along with the original notice of motion, be mailed to Louis Grabowski and his attorney, and be served by the Sheriff upon Louis Grabowski personally or left with a person of suitable age and discretion at his residence. Service was completed in accordance with the order. The County Court found that service was properly and timely completed on both defendants and directed that a hearing be held to determine the fair market value of the property for purposes of computing the amount of the deficiency judgment. On this appeal, Louis Grabowski argues that a deficiency judgment may not be entered against him since he was not personally served with the notice of motion within 90 days of the delivery of the referee's deed, and that the County Court was without authority to effectively extend the time for service once the 90-day period had elapsed. We disagree. The 90-day period in which to move for a deficiency judgment has uniformly been treated as a Statute of Limitations rather than a jurisdictional requirement *(Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591; *Tompkins County*

*Trust Co. v Herrick,* 171 Misc 929; *Jamaica Sav. Bank v Risian Realty Corp.,* 165 Misc 372). As such, the tolling provision of CPLR 203 (subd [b]), whereby service on one of two parties united in interest will toll the Statute of Limitations as to the other, is applicable. Defendants, who were husband and wife and owned the mortgaged property as tenants by the entirety, were united in interest (see *Prudential Ins. Co. v Stone,* 270 NY 154, 159; *Trane Co. v Robinson Constr.,* 61 AD2d 360, 364). Thus, the 90-day Statute of Limitations was tolled when service was personally made on Clementine Grabowski on March 28, 1978, and the County Court had jurisdiction to direct alternate methods of service upon Louis Grabowski in its order to show cause of April 19, 1978. Moreover, it appears that an affirmance of the County Court's order would be required even if the tolling provision of CPLR 203 (subd [b]) was not applicable to this case. Even though not personally served with the notice of motion within the 90-day statutory period, it is clear that Louis Grabowski had actual notice of the motion for a deficiency judgment prior to the expiration of the 90 days, as evidenced by his affidavit of April 3, 1978 in opposition to the motion wherein he first objected to the lack of personal service upon him. Where actual notice has been timely received, substantial compliance with the statute is all that is required *(Catholic Women's Benevolent Legion v Burke,* 253 App Div 261, 264; *Berkman v Silverstein,* 245 App Div 891), since the statute "was not designed to provide loopholes to a mortgagor to escape an obligation assumed by him" *(Catholic Women's Benevolent Legion v Burke, supra,* p 264). Accordingly, the order of the County Court should be affirmed. Order affirmed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.