FRANK BIANCO, Respondent, v ROBERT J. COLES et al., Appellants, et al., Defendants.

Third Department, October 15, 1987

## APPEARANCES OF COUNSEL

*Edward A. Rantanen (Leonard W. Krouner* of counsel), for appellants.

*Grace, Hull & Vitanza (Holly A. Nelson* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

In January 1986, plaintiff commenced the instant foreclosure action against defendants Robert J. Coles and Lois R. Coles (hereinafter defendants) by serving two copies of a summons and complaint on their attorney, Edward Rantanen. Rantanen obtained admissions of service from defendants. Defendants eventually defaulted. Phillip Knapp purchased the property at a public sale held on June 13, 1986. The property was purchased for less than the outstanding debt. On June 20, 1986, plaintiff's attorney received a Referee's deed which was placed in the foreclosure file. Shortly thereafter, and before the deed was delivered to Knapp, plaintiff's attorney was notified that defendant David C. Strabo had filed a bankruptcy petition in Virginia on the same date the foreclosure sale had occurred, June 13, 1986. Believing that the automatic stay provisions of the Bankruptcy Act *(see,* 11 USC § 362) might nullify the sale of the mortgaged property, plaintiff's attorney

held the deed and notified all interested parties of the potential problem. Knapp was told not to take possession or begin repairs since the status of the sale was uncertain. It was eventually determined that the sale had occurred earlier in the day than the filing of the petition and, thus, that the sale was not subject to the automatic stay. Hence, as a courtesy to Knapp and after receiving the necessary recording fees from him, plaintiff's attorney recorded the deed on July 28, 1986.

In an attempt to avoid a motion for a deficiency judgment, counsel for plaintiff and defendants conducted settlement negotiations during July, August and September of 1986. The negotiations were unsuccessful and, on September 11, 1986, plaintiff filed a motion for a deficiency judgment. Copies of the motion papers were mailed to a process server for personal service on defendants. Personal service was not accomplished until November 10, 1986 when defendants returned from a series of out-of-State trips. However, copies of the papers were also mailed to Rantanen on September 29, 1986 and, on October 15, 1986, he advised plaintiff's attorneys that his clients would oppose the motion for a deficiency judgment. Thereafter, he made a limited appearance (CPLR 320 [c]) seeking to dismiss the action for failure to make timely service within the 90-day period provided in RPAPL 1371 (2). Supreme Court denied the motion and awarded plaintiff a deficiency judgment against defendants in the amount of $33,540.46.

On this appeal, defendants contend that plaintiff failed to properly make a motion for a deficiency judgment within 90 days of consummation of the foreclosure sale and thus, that the motion should have been denied. It is of course well established that if the period between the consummation of the foreclosure sale and the service of a deficiency motion exceeds 90 days, the mortgagee is precluded from recovering a deficiency judgment when, as here, the 90-day period has been raised as a defense *(see, e.g., Amsterdam Sav. Bank v Amsterdam Pharm. Dev. Corp.,* 106 AD2d 797). In order to resolve this issue on this appeal, determinations must be made both as to when the foreclosure sale was consummated and when effective service of the motion for a deficiency judgment was made on defendants.

■ Defendants argue that the foreclosure sale was consummated on June 20, 1986, the date that the Referee's deed was delivered to the attorneys for the mortgagee. We disagree. RPAPL 1371 (2) provides that consummation of the sale takes

place upon "the delivery of the proper deed of conveyance to the purchaser". Here, the mortgagee was not, as often is the case, the purchaser at the foreclosure sale *(cf., Voss v Multifilm Corp.,* 112 AD2d 216; *Amsterdam Sav. Bank v Amsterdam Pharm. Dev. Corp., supra).* Further, the record fails to support defendants' allegation that plaintiff's attorneys were acting as agents of Knapp, the purchaser. Although it is undisputed that plaintiff's attorneys had represented Knapp in other, unrelated matters, this does not support the assertion that they were his agents for this transaction. Indeed, an attorney from the firm representing plaintiff attested that he specifically informed Knapp that he could not represent him in this matter since the firm was representing the mortgagee. The mere fact that plaintiff's attorneys ultimately recorded the deed for Knapp fails to establish an agency relationship *(see, Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370, 372; *D'Urso v Scuotto,* 111 AD2d 305, 307). The Referee's deed was held by the mortgagee's attorney in good faith based upon the clearly justifiable belief that the foreclosure sale may have been a nullity because Strabo had filed a bankruptcy petition in Virginia on the same day as the sale *(see,* 11 USC § 362 [a]; *In re Kodo Props.,* 63 Bankr 588; *see also,* 1978 US Code Cong & Admin News 6296-6297 ["(t)he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. * * * It stops all collection efforts, all harassment, and *all foreclosure actions"* (emphasis supplied)]). Once it was determined that the sale preceded the filing of the petition and thus that the sale was not a nullity, the mortgagee's attorney "deliver[ed] * * * the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]). We conclude that it was on this date, July 28, 1986, that the sale was consummated for purposes of determining the commencement of the 90-day period.

■ Next, we turn to the issue of whether plaintiff effectively served defendants within 90 days of July 28, 1986. RPAPL 1371 (2) provides that "notice shall be served personally or in such other manner as the court may direct". This provision has been liberally construed to require only "substantial compliance" where actual notice has been timely received *(see, e.g., Heritage Sav. Bank v Grabowski,* 70 AD2d 989, 990; *Catholic Women's Benevolent Legion v Burke,* 253 App Div 261, 264). It is within the power of the court hearing the motion to excuse an improper method of service and to validate the method used nunc pro tunc *(see, Catholic Wom-*

*en's Benevolent Legion v Burke, supra,* at 265). This court has previously held that service by mail upon a mortgagor's attorney can constitute a valid method of service *(see, Berkman v Silverstein,* 245 App Div 891). Here, although personal service was not made on defendants until November 10, 1986, copies of the motion papers were mailed to Rantanen on September 11, 1986. Rantanen received the papers and in an October 15, 1986 letter, which he signed as "Attorney for Defendants Robert J. Coles and Lois R. Coles", he notified plaintiff that the deficiency judgment would be opposed. The assertion on appeal that Rantanen was not defendants' attorney is unpersuasive in light of his involvement on their behalf throughout this litigation and his representation in the October 15, 1986 letter that he was their attorney *(see, McGowan v Bellanger,* 32 AD2d 293, 295). Supreme Court's determination to validate the method of service used and its accompanying conclusion that service occurred in September 1986 were not erroneous. Hence, service of the motion for a deficiency judgment was made within 90 days of consummation of the foreclosure sale.

Defendants' remaining contentions have been considered and found meritless.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order and judgment affirmed, without costs.