CITY SAVINGS, F.S.B., By and Through its Receiver, RESOLUTION TRUST CORPORATION, Plaintiff,

v.

Kent L. WELSH and Cheralyn B. Welsh, Defendants,

v.

RESOLUTION TRUST CORPORATION in its capacity as Receiver for City Federal Savings Bank, Third–Party Defendant.

No. CIV–90–494–R.

United States District Court, W.D. Oklahoma.

March 31, 1992.

T.P. Howell, Cherrilyn J. McLane, Edwards, Sonders & Propester, Oklahoma City, Okl., for plaintiff.

Charles Underwood, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court are the Plaintiff's Motion for Leave to Enter Deficiency Judgment, and the Defendants' Motion to Dismiss the Plaintiff's Motion for Deficiency Judgment.

The Plaintiff, City Savings, F.S.B., by and through its Receiver, Resolution Trust Corporation, was granted judgment foreclosing its interest in seven separate tracts of real estate owned by the Defendants, Kent L. Welsh and Cheralyn B. Welsh.[1] The properties were sold at a Marshal's sale on August 9, 1991. The sale was confirmed by this Court on August 29, 1991. The Plaintiff moved for deficiency judgment pursuant to Title 12 Okla.Stat. § 686 on November 1, 1991. Plaintiffs served their Motion by mail upon the Defendants' attorney of record, Robert N. Sheets. On November 4, 1991, Mr. Sheets was permitted to withdraw as attorney of record.

On November 18, 1991, Defendants, having obtained new counsel, filed a motion to dismiss the Plaintiff's Motion for deficiency judgment on the ground that it was not properly served. The Plaintiff asks the Court to strike the Defendants' Motion to Dismiss as "unnecessary" and "unauthorized." In light of the Court's findings on the merits of the parties' arguments, the Court deems it more appropriate to treat the Motion to Dismiss as a response to the Plaintiff's Motion.

Rule 69 of the Federal Rules of Civil Procedure provides that the procedures to be followed by the federal courts in aid of execution shall be in accordance with the practices and procedures of the state where the court is located. Title 12 Okla.Stat. § 686 is the Oklahoma statute governing the entry of deficiency judgments. The FDIC argues that its method of service was authorized by Local Rule 9(C), and by Rule 5(b) of the Federal Rules of Civil Procedure. In this case, however, the Court is obligated to follow the applicable state statute, Section 686, and not the more general service of process provisions of Local Rule 9(C), and Rule 5(b) of the Federal Rules of Civil Procedure.

The portion of Section 686 relevant to the instant dispute provides:

> [w]ithin ninety (90) days after the date of the sale, the party to whom [the deficiency] shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct.... If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.

12 O.S. § 686.

The Defendants assert that they were not properly served, personally or otherwise, with the motion for deficiency judgment within ninety days after the Marshal's sale. Defendants claim, therefore, that the Plaintiff is not entitled to deficiency judgment.

---

**1.** This action was originally brought in the District Court of Oklahoma County, and later re-

moved to federal court.

Since the Marshal's sale of the real property occurred on August 9, 1991, the Plaintiff was required to personally serve its motion for leave to enter deficiency judgment no later than November 7, 1991. Plaintiffs could have served their motion upon the Defendants themselves, or upon the "attorney who shall have appeared for [the Defendants] in [this] action." 12 Okla. Stat. § 686. The Court notes that the Defendants' former attorney, Robert Sheets, withdrew as their counsel of record just three days after the Plaintiff filed its motion for Leave to Enter Deficiency Judgment.

Both parties rely upon the unpublished opinion of the Court in *Oklahoma Radio Associates v. Federal Deposit Ins. Corp.*, Case No. CIV–87–2559–C, Order of June 19, 1991. In *Oklahoma Radio*, Judge Cauthron noted that Section 686, by its plain terms, requires that motions for deficiency judgment be both filed and served by personal service within the statutory ninety day period. The plaintiff in that case had mailed copies of its Motion to the defendants and to their attorney by first class mail. The defendants never received their copies, because they were mailed to the wrong address. It was undisputed, however, that the attorney had received his copy, and that he had notified the defendants by telephone. The Court found that Oklahoma's Section 686 was borrowed from a similar New York statute; and found New York case law persuasive. The Court reasoned that Section 686 was designed to protect a debtor's right to a hearing; and found that service upon the defendants' attorney sufficiently protected that right. The Court held that because actual notice of the filing of the motion was received by the defendants' attorney within the ninety day period, the FDIC had "substantially complied" with Section 686, and that its right to a deficiency judgment survived. *Oklahoma Radio, supra*, at 12–13, citing *Berkman v. Silverstein*, 245 A.D. 891, 282 N.Y.S. 375, 376–77 (1935); *Catholic Women's Benev. Legion v. Burke*, 253 A.D. 261, 1 N.Y.S.2d 720 (1938); *Heritage Savings Bank v. Grabowski*, 70 A.D.2d 989, 417 N.Y.S.2d 802, 803 (1979); and

*Bianco v. Coles*, 131 A.D.2d 10, 520 N.Y.S.2d 261 (1987).

In this case, the evidence shows that Plaintiff's counsel mailed a copy of the Motion to Mr. Sheets, the attorney who represented the Defendants at the time. In the absence of any evidence to the contrary, the Court presumes that Mr. Sheets received the Motion within a few days after it was mailed on November 1, 1991, and certainly before the ninety days expired on November 8, 1991. Though Mr. Sheets withdrew as their counsel shortly after the motion was filed, and perhaps before he received the motion, he was and is "the attorney who ... appeared for [the Defendants in this] action." 12 Okla.Stat. § 686. The Defendants have had ample opportunity to defend the Motion. The Court finds that the Plaintiff has substantially complied with the notice provisions of Section 686.

The Plaintiff's Motion for Leave to Enter Deficiency Judgment is GRANTED. The Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.