2017 OK CIV APP 48

**BANK OF OKLAHOMA, N.A., a national bank, Plaintiff/Appellee,**

v.

**David Wayne MILLER II and Heather Leigh Miller, Defendants/Appellants,**

and

**Chateau MMH, Inc.; Mers as Nominee for E Loan; Cockrell Trust; Dij, Inc.; Leaf Funding; Marlin Leasing Corp.; Bank of America, NA; David Younce; Bank of Oklahoma, N.A. (Mortgage Division), Defendants.**

**Case Number: 113146**

Court of Civil Appeals of Oklahoma, Division No. 2.

Decided: 02/25/2016

Mandate Issued: 10/12/2017

---

Frederic Dorwart, Samuel S. Ory, Sara C. Royster, FREDERIC DORWART, LAWYERS, Tulsa, Oklahoma, for Plaintiff/Appellee.

Brian L. Mitchell, Chad M. Neuens, Sheila D. Sayne, NEUENS MITCHELL PLLC, Tulsa, Oklahoma, for Defendants/Appellants.

P. THOMAS THORNBRUGH,
PRESIDING JUDGE:

¶1 David Wayne Miller II and Heather Leigh Miller (Millers) appeal the refusal of the district court to vacate a personal judgment made against them during the pendency of a bankruptcy stay, and the court's refusal to vacate a resulting deficiency order. On review, we find the *in personum* judgment was void because it was made during the bankruptcy stay, and the subsequent deficiency order is therefore also void.

## BACKGROUND

¶2 Beginning in 2001, Millers entered into a series of loans with Bank of Oklahoma, N.A. (Bank). In January 2009, Millers filed a Chapter 7 bankruptcy case. In May 2009, the bankruptcy court lifted its stay to allow Bank to proceed *in rem* against real property at 8927 South Maplewood Ave. in Tulsa, OK. In July 2009, Bank filed a petition against Millers seeking to foreclose on various security interests, including the Maplewood property. Millers did not appear or reply, and, in October 2009, Bank moved for a default judgment. The court ordered that Bank was entitled to a lien of approximately $331,000 against the Maplewood property and to two other liens against similar properties. In December, Bank filed an amended petition, and, in March 2010, the court issued a second order finding liens against the three properties, and ordering the sale of same. The property thereafter was sold.

¶3 In April 2011, the bankruptcy court denied Millers a discharge, and, in June 2011, Bank filed a motion for leave to enter deficiency judgment. The deficiency motion stated that the court had previously rendered a judgment "against Defendants David Wayne Miller, II and Heather Leigh Miller" and sought a deficiency judgment of approximately $1,056,000. Millers did not appear, and the court granted this judgment. In April 2014, Millers filed a motion to vacate the deficiency judgment as void, arguing that Bank has never sought a personal judgment against them. In a later response, Millers also argued that the bankruptcy court had not lifted the stay to allow an *in personam* proceeding, and any personal judgment rendered against them during the bankruptcy stay was void. The district court denied this motion. Millers now appeal.

## STANDARD OF REVIEW

¶ 4 The test for measuring the legal correctness of the trial court's ruling on a motion to vacate or set aside judgment "is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." *Schepp v. Hess*, 1989 OK 28, ¶ 11, 770 P.2d 34. The discretion of the court in this matter, however, revolves primarily around its interpretation of law, specifically whether the interaction of federal bankruptcy law and the state foreclosure statutes voids the judgment as a matter of law. These questions of statutory interpretation and implementation are reviewed *de novo*. *Hubbard v. Kaiser- -Francis Oil Co.*, 2011 OK 50, ¶ 6, 256 P.3d 69.

## ANALYSIS

¶ 5 Although the parties discuss this matter primarily in terms of whether an *in personam* claim was properly pled, this question is irrelevant unless the bankruptcy court lifted its stay to allow Bank to proceed with an *in personam* claim in the first instance. This appeal therefore initially presents two issues of law:

1. Could Bank obtain a valid *in personam* judgment against Millers during the pendency of the automatic stay?
2. Could Bank validly obtain a deficiency order based on that judgment?

### I. Could Bank Obtain a Valid *In Personam* Judgment Against Millers During the Pendency of the Automatic Stay?

¶ 6 The answer to this first question is relatively simple. Title 11 U.S.C. 362(a) provides that the filing of a voluntary Chapter 7 bankruptcy petition:

... operates **as a stay,** applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against

the debtor that arose before the commencement of the case under this title ...

¶ 7 It is clear that all proceedings against the Millers, outside of a limited number of statutorily allowed actions not implicated here, were stayed by 362(a). It is further well established that any action taken in violation of the 362 stay is void and without effect. *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990) citing *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940). "[A] valid judgment cannot be rendered against a party while it stands protected by an automatic bankruptcy stay." *Bailey v. Campbell*, 1991 OK 67, ¶ 12, 862 P.2d 461. Bank's judgment against Millers is therefore void *unless* the bankruptcy court lifted its stay to allow such an action.

¶ 8 The May 15, 2009, stay-lifting order of the bankruptcy court grants relief pursuant to 11 U.S.C. 362(d), and allows Bank to proceed "in any and all actions that might be taken ... to enforce its rights and remedies as against the 8927 Maplewood house ... including foreclosure of its liens and security interests." This is clearly a standard *in rem* lift of the stay that is routinely granted because a creditor's right to foreclose on a property lien given for security purposes is not discharged by the bankruptcy. *See Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991); 11 U.S.C. 522(c)(2) (property not liable after bankruptcy for any debt of the debtor, except a debt secured by a lien that is not otherwise voided). However, personal liability on the same debt is subject to discharge in a Chapter 7 liquidation. *Johnson, id.* We find no indication that the bankruptcy court's order lifted its stay to allow any action against Millers *personally*.

¶ 9 Despite this established black-letter law, Bank argues an unorthodox interpretation of 11 U.S.C. 362(a). Bank argues that the automatic stay allows a creditor to continue to pursue a claim to recover a debt in state court as long as the creditor does not actually seek an *"executable judgment"* while the stay is in effect.[1] Bank states no authori-

---

1. Given that a general judgment in Oklahoma is     not "executable" until the creditor obtains an

ty for this theory, and it fundamentally contradicts the plain language of 362(a) that the filing of a voluntary Chapter 7 bankruptcy petition operates as a stay of the **continuation** of a judicial action or proceeding against the debtor. Bank does not explain precisely how a party may continue proceedings seeking a decision on the merits in state court without **continuing a judicial action**.[2] Indeed, why Bank would seek a lifting of the stay *at all* if it believed the law allows it to proceed to a foreclosure judgment without violating the stay remains unclear.

¶ 10 Bank also appears to argue that the Oklahoma deficiency judgment in foreclosure statute, 12 O.S.2011 686, **mandates** an *in personam* judgment when a mortgage lien is foreclosed. If we were to interpret Oklahoma law as mandating an *in personam* judgment when a bankruptcy court lifts the stay only to allow *in rem* proceedings, no Oklahoma mortgage lien could be foreclosed during the pendency of a bankruptcy proceeding without violating the bankruptcy stay. This is neither the law of Oklahoma, nor the law of United States, nor a desirable outcome.

¶ 11 "The stay has two primary purposes— to give the debtor a breathing spell from creditors, allowing a fresh economic start and to provide some measure of creditor protection. Recognition that judicial proceedings prosecuted in violation of an automatic stay are a nullity ensures that these goals are met." *Bailey*, 1991 OK 67 at ¶ 13, 862 P.2d 461 (footnotes omitted). We find it quite clear that the bankruptcy court lifted its stay only so far as to allow *in rem* proceedings against the mortgaged property. The stay was in effect at the time of the foreclosure judgment, and any *in personam* component of that judgment is void and without effect.

## II. Did Bank Validly Obtain a Deficiency Order After the Bankruptcy Court Refused Millers a Discharge, and the Automatic Stay Was Lifted?

■ ¶ 12 The second question concerns what procedure the law requires when a creditor has obtained a valid *in rem* judgment and a void *in personam* judgment, but the bankruptcy court *later denies discharge of the personal liability*? We first note, however, that Millers argue lack of proper service of the motion seeking a deficiency order.

¶ 13 Title 12 O.S.2011 686 requires any motion seeking a post-judgment deficiency order to be personally served on the parties:

Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a post-judgment deficiency order upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct.

¶ 14 Millers argue that "personal service" in this case means "by a sheriff or deputy sheriff, a person licensed to make service of process in civil cases, or a person specially appointed for that purpose" pursuant to 12 O.S.2011 2004(C)(1)(a), and no personal service was made by this method. However, 2004(C)(1)(a) is clear that these methods of service are "[a]t the election of the plaintiff" unless the process contains a subpoena. Case law indicates that service of a 686 motion seeking a post-judgment deficiency order must conform to constitutional norms of notice, but need not be made by a sheriff or

order pursuant to 12 O.S.2011 850 applying property and/or requiring payments, and a writ of execution pursuant to 12 O.S.2011 736, Bank inevitably argues that the state court may hold full pre-trial and trial proceedings seeking to establish the personal liability of a bankrupt while the automatic stay is in effect. This argument is contrary to all accepted practice.

2. Bank's position is contrary to the fundamental principle that, when a debtor files for bankruptcy, 362 prevents creditors from taking further

collection actions against him or her without the leave of the bankruptcy court. *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir.1991); *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Bank argued in its trial court briefing that "Defendants were counting on getting a discharge in bankruptcy before any deficiency judgment could be entered." *There is no "race" to decision between the bankruptcy court and the district court in such cases. Collection actions in the district court are stayed.*

process server. *Compare Capitol Fed. Sav. Bank v. Bewley*, 1990 OK 79, 795 P.2d 1051 (notice of the motion was sent to the wrong address and never received by defendant, and hence was ineffective) with *City Sav., F.S.B. By & Through its Receiver, Resolution Trust Corp. v. Welsh*, 793 F.Supp. 1046 (W.D. Okla. 1992) (mailing a copy of the motion to counsel of record constituted sufficient notice). In this case, the record shows an attorney's certificate of mailing of the motion to Millers' bankruptcy attorney, and to Millers at the address stated in their bankruptcy schedule. Millers do not deny that their attorney received such notice, but even if they had, the matter would have been a credibility question for the district court. We find that Millers received sufficient constitutional notice of the motion seeking a post-judgment deficiency order.

¶ 15 This finding, however, leaves the question of whether a party may seek a post-judgment deficiency order when the original personal judgment was obtained in violation of a stay that was effective at the time of the judgment? The briefs direct us to no pertinent case law on this question. The Court in *Bailey* notes that actions deemed void because they occur during the stay "are not cured by a subsequent termination of the stay." [3] 1991 OK 67 at ¶ 13, 862 P.2d 461. *Bailey* cites this principle to the Tenth Circuit's view in *Ellis*, 894 F.2d at 373. *Ellis* states the majority view [4] that the bankruptcy stay on judicial proceedings renders any unauthorized act of the district court *void ab initio*, not simply voidable. "The lifting of the stay thus validates only later judicial proceedings, not prior ones." *Id.* The stay in this case was in effect at the time of the *in personam* judgment. The later lifting of the stay by a denial of discharge does not retroactively validate actions taken in violation of

the stay. Hence, the personal judgment in this case was *void ab initio*, and remained so. As an adjudication of personal liability is a necessary predicate to the court determining a deficiency against the Millers personally, the court could not make a deficiency order.

¶ 16 Because we have determined that the order creating an *in personam* judgment, and the resulting deficiency order, are void in this case, we need not address Millers' argument as to whether Bank actually sought an *in personam* judgment after the bankruptcy court lifted the stay to allow Bank to proceed *in rem*. To do so would address whether Bank acted in willful violation of the stay, an issue that falls within the jurisdiction of the bankruptcy court.

## CONCLUSION

¶ 17 The *in perosonam* judgment against Millers is void for violation of the bankruptcy stay. It is not "rehabilitated" or otherwise validated by the bankruptcy court's denial of discharge. The subsequent deficiency order was therefore void. The denial of Millers' motion to vacate is reversed. We emphasize that our decision does not relieve Millers of responsibility for any balance remaining on the involved notes. *They were denied discharge*, and Bank is free to seek any available remedy at law to collect this un-discharged obligation. However, the *in personam* judgment in this case, and the resulting deficiency order, are void.

¶ 18 **REVERSED—DEFICIENCY JUDGMENT VACATED.**

RAPP, J., and BARNES, J., concur.

---

3. *See also In re D'Alfonso*, 211 B.R. 508, 513 (Bankr. E.D. Pa. 1997) ("Therefore, it is clear that dismissal of a case does not validate actions which constituted violations of the automatic stay during the pendency of that case.") (citing *In re Davis*, 177 B.R. 907, 911-12 (B.A.P. 9th Cir. 1995); *In re Lampkin*, 116 B.R. 450, 451-53 (Bankr.D.Md.1990); and *In re Sports & Science Ind., Inc.*, 95 B.R. 745 (Bankr.C.D.Cal.1989)).

4. As noted by the Supreme Court of West Virginia in *Rebuild Am., Inc. v. Davis*, 235 W.Va. 245, 773 S.E.2d 11, 19 (2015) " '[t]he majority of circuits hold that a violation of the automatic stay is generally void as a matter of law.' *Ellison v. Comm'r of Internal Revenue Serv.*, 385 B.R. 158, 163 (S.D.W.Va.2008) (collecting cases from First, Second, Third, Seventh, Ninth, Tenth, and Eleventh Circuits). There is, however, a minority of jurisdictions that find such acts merely 'voidable.' "